IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| THOMAS LAHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:15-cv-464 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

# COMPLAINT PURSUANT TO THE FEDERAL RAILROAD SAFETY ACT, 49 U.S.C. § 20109(d)(3), AND THE FELA, 45 U.S.C. SEC. 51 et seq.

## COUNT I - FRSA

THOMAS LAHART ("Lahart"), by his attorneys, RICHARD A. HAYDU and HOEY & FARINA, respectfully submits the following as her Complaint against BNSF RAILWAY COMPANY ("BNSF"), pursuant to Section 20109 of the Federal Rail Safety Act, as amended by the Implementing the 9/11 Commission Recommendations Act, effective August 3, 2007.

1. Lahart was working for the BNSF on February 21, 2014 as a conductor at or near Ottumwa, Iowa.

2. In the course of his duties at that time, Lahart was required to and did throw switches, including one known as the winger track switch.

3. On said date, Lahart injured his lower back and left shoulder after throwing said switch which was defective along with its ground area surrounding it.

4. Lahart returned to the company yard office and his pain was getting worse. Railroad officers, Mr. Campbell and Mr. Oliver, were discussing their observations of the radio

practices of Plaintiff's crew that day with Plaintiff when Plaintiff interrupted and asked for a personal injury report saying he had hurt his lower back and shoulder.

5. 911 was called and Plaintiff was transported to the hospital.

6. Lahart reported this personal injury on a personal injury form as required by railroad rules.

7. Injured railroad employees do not get worker's compensation benefits under state law. However, under the Federal Employers' Liability Act, 45 U.S.C. §51 *et. seq.*, injured railroad employees are permitted to sue their employers for negligence. Consequently, because they are directly liable for negligently injuring employees, some railroads – such as BNSF – have engaged in the practice of deterring personal injury claims by retaliating against employees who report work-related injuries, thereby thwarting the intent of the F.E.L.A.

8. In the region where Lahart worked, BNSF has succeeded in creating a pervasive and intense climate of fear among employees who know they will be fired or retaliated against if they report that they have been injured on the job.

9. As anticipated by Lahart, BNSF retaliated against him for reporting a personal injury.

10. As amended by the Implementing the Recommendations of the 9/11 Commission Act, effective August 3, 2007, Section 20109 of the Federal Rail Safety Act, 49 U.S.C. §20109, was amended to provide that a railroad engaged in interstate commerce (such as UPRR) shall not, among other things, fire or terminate an employee for reporting to a supervisor that he suffered a work-related injury. 49 U.S.C. §§ 20109(a)(1)(C) and 20109(a)(4).

11. Lahart engaged in protected conduct when he reported that he suffered from an on-the-job injury, and BNSF's conduct in retaliating against Lahart, by firing him for engaging in protected activity, violated Section 200109, 49 U.S.C. § 20109(a)(1)(C) and 20109(a)(4).

12. Two phony excuses were given by BNSF for firing Lahart. BNSF falsely charged Lahart with a rule violation for the matter in which he performed his work on the day that he reported his injury, February 21, 2014 (namely, filing to wait for movement to stop and slack adjust before going in between equipment), held an investigation regarding said charge on April 2, 2014 and issued Lahart a one year review period disciplinary action by letter of April 14, 2014. Immediately thereafter, Lahart was also charged with being "quarrelsome, dishonest, negligent and discourteous" while requesting an accident report and reporting an injury. A second investigation was held the next day, April 3, 2014, for these charges and Lahart was dismissed in a letter dated April 15, 2014.

13. By reporting to a supervisor that he had been injured on the job and had sought medical attention, Lahart was engaged in protected activity under §20109, 49 U.S.C. §§20109(a)(1)(C) and 20109(a)(4).

14. Having received Lahart's report that he had been injured, BNSF knew that he engaged in activity that was protected under §20109.

15. BNSF's decision to terminate Lahart was motivated by its policy of retaliating against employees who report that they have been injured on the job.

16. Unless OSHA and the Department of Labor put a stop to BNSF's improper and outrageous conduct in firing employees like Lahart who engage in the protected activity of reporting that they have been injured on the job, BNSF will have succeeded in deterring employees from reporting injuries.

17. Lahart's mailing address and phone number are: 5763 180th Street, Albia, Iowa 52531, telephone: (641) 777-1752.

18. The address and phone number of BNSF's division office in the division where Williams worked are: BNSF Railway, 201 N. Seventh Street, Lincoln, Nebraska 68508, telephone: (402) 458-7565, while the local trainmaster's office is 934 Hayne Street, Ottumwa, Iowa 52501.

19. Lahart is a member of the SMART Union.

20. Two hearings were held and Lahart was dismissed on April 14 and 15, 2014, also attached.

WHEREFORE, Thomas Lahart requests that OSHA and the Secretary/Department of Labor order the BNSF to do the following:

1. Cease all retribution against employees who report unsafe conditions and personal injuries;

2. Remove all records of any files of the respondent related to the discipline assessed;

3. Remove from BNSF's employment files any reference to the exercise of Lahart's rights under the FRSA;

4. Fully reimburse him for all compensatory losses suffered as the result of its conduct in disciplining Lahart;

5. Fully reimburse him for all non-compensatory losses, including emotional distress damages, suffered as the result of its conduct in disciplining Lahart;

6. Reimburse Lahart for his legal fees and expenses in pursuing this Complaint;

7. Order BNSF to provide to all BNSF employees a copy of the FRSA Fact Sheet;

8. Order BNSF to pay an award of punitive damages of the statutory limit damages in order to send the message to BNSF managers and

employees that such egregious attempts at harassment and intimidation will not be tolerated; and

9. Lahart is seeking reinstatement with his seniority and benefits unimpaired.

## COUNT II –FELA

NOW COMES the Plaintiff, Thomas Lahart, by and through his attorneys, RICHARD A. HAYDU and HOEY & FARINA, and for Count II of his Complaint at Law against Defendant, BNSF RAILWAY COMPANY, states as follows:

1. Jurisdiction of this Court is invoked under, and the rights and liabilities of the parties are governed by, the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*, and Title 28 U.S.C. §1331.

2. At all pertinent times, Defendant, BNSF RAILWAY COMPANY, was and is a railroad corporation authorized to and doing business in the State of Iowa.

3. At all pertinent times, the Defendant, BNSF RAILWAY COMPANY, operated a railroad system as a common carrier of freight in and through the various states.

4. At all pertinent times, Plaintiff was employed by Defendant, BNSF RAILWAY COMPANY, as a conductor/switchman and worked in Defendant's service on tracks and rail equipment owned and maintained by Defendant and is a resident of Albia, Iowa.

5. At all pertinent times, Plaintiff was performing work for Defendant in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

6. At all pertinent times, Defendant, BNSF RAILWAY COMPANY, owned, managed, maintained and used as part of its railroad system a railroad yard containing tracks and switches at or near Ottumwa Iowa.

7. On February 21, 2014, at said location, Plaintiff, in the course of his normal duties, was required to and did work switching cars in defendant's yard.

8. At said time and place, plaintiff was required to operate a switch known as the Winger track switch.

9. Said time and place, switch failed to operate as intended and hung up and became hard to throw while his feet shifted in the muddy footing causing injury to his lower back and left shoulder.

10. It was the continuing duty of the Defendant, as employer, at the time and place in question, to use ordinary care in furnishing Plaintiff with a safe place to work and to comply with federal and state regulations regarding railroad safety.

11. In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

(a) failed to adopt, install, implement and enforce a safe method and procedure for the operation of switches;

(b) failed to adopt, install, implement and enforce a safe method and procedure for the periodic inspection of switches;

(c) failed to adopt, install, implement and enforce a safe method and procedure for maintenance and upkeep of switches;

(d) failed to properly inspect, maintain, and clean the switches used by its employees so that the same became hazardous for safe operation by its employees;

(e) failed to provide adequate and efficient equipment for the operation of switches;

(f) failed to properly inspect, maintain and repair the switch described;

(h) failed to properly warn plaintiff that said switch was defective;

(i) failed to properly have safe and secure footing and ballast conditions in and around switches and/or walkway areas;

(l) otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

12. Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

14. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain suffering, inconvenience, anguish and disability; as further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, the Plaintiff, Thomas J Lahart, prays for judgment in his favor and against Defendant, BNSF RAILWAY COMPANY, in the sum of $2,000,000.00, plus the costs of this suit

Respectfully submitted,

_____
Richard A. Haydu
HOEY & FARINA
542 S. Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212
rhaydu@hoeyfarina.com

and

8

*/s/ Nick Mauro*
Nicholas J. Mauro AT0005007
CRAWFORD & MAURO
1701 Ruan Center
666 Grand Avenue
Des Moines, IA 50309
(515) 245-5420
mauro@crawfordlawfirm.com

Attorneys for Plaintiff